# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00761-CR

**Roberto Alonzo Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY
### NO. 05-7936-2, HONORABLE TIMOTHY L. WRIGHT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Roberto Alonzo Jr. pleaded no contest to driving while intoxicated after his pretrial motion to suppress was overruled. There was a plea bargain, which was followed. The plea documents in the clerk's record contain a waiver of appeal signed by Alonzo with this handwritten addition: "This is a plea-bargain case. I waive only those matters not raised by written motion and those matters not raised in the pretrial hearing."

The trial court has certified that this "is a plea-bargain case, and the defendant has NO right of appeal" and also that "the defendant has waived the right of appeal except for pretrial issues." The first statement is incorrect. The second, while not incorrect under the circumstances, is an awkward way of saying that Alonzo has the right to appeal matters raised by written motion filed and ruled on before trial. *See* Tex. R. App. P. 25.2(a)(2)(A). Using the form promulgated by the court of criminal appeals, the court should have certified that this is a plea-bargain case, but

matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. *See* certification form in notes following Tex. R. App. P. 25.2 (West 2003).

The appeal is abated for the trial court to prepare and file an amended certification of the right of appeal. Tex. R. App. P. 25.2(f). A supplemental clerk's record containing the amended certification shall be tendered for filing no later than December 28, 2006.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Filed: December 14, 2006

Do Not Publish

2